GLD-002                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2695
_____

COBEY DARON WEBB,
                                    Appellant

v.

WARDEN ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-16-cv-00624)
District Judge:  Honorable Matthew W. Brann
_____

Submitted for a Decision on the Issuance of a Certificate of Appealability,
and for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 1, 2016

Before:  CHAGARES, GREENAWAY, JR., and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 25, 2016)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Federal prisoner Cobey Daron Webb appeals pro se from the order of the United States District Court for the Middle District of Pennsylvania ("the MDPA") dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm that order.

I.

In 2005, a 12-count indictment was brought against Webb in the United States District Court for the Western District of Virginia ("the WDVA"). Webb ultimately entered into a written plea agreement with the Government, agreeing to plead guilty to Counts 1 and 6 of the indictment in exchange for dismissal of the remaining counts. Count 1 charged Webb with conspiring "to violate the controlled substance laws of the United States of America to-wit: the attempted possession with intent to distribute and possession with the intent to distribute over 50 grams of a substance containing a detectable amount of cocaine base . . . in violation of [21 U.S.C. §] 841(a)(1)." Count 6 charged him with violating 18 U.S.C. § 924(c)(1)(A) by "knowingly us[ing], carry[ing], brandish[ing], and discharg[ing] a firearm during a drug trafficking crime."

The WDVA accepted Webb's guilty plea and sentenced him to an aggregate prison term of 20 years. Webb did not appeal from that judgment; however, in 2009, he filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The WDVA dismissed that motion as "untimely and without merit," and the

United States Court of Appeals for the Fourth Circuit denied a certificate of appealability ("COA") in 2010.

In April 2016, at which point Webb was incarcerated in a federal prison in the Middle District of Pennsylvania, he filed in the MDPA a pro se § 2241 petition. The petition attacked the validity of his conviction, arguing that Counts 1 and 6 of the indictment "fail[ed] to charge an offense." More specifically, he claimed that Count 1 was flawed because it charged him with a "conspiracy to attempt" offense, and that Count 6 was flawed because it used the phrase "during a drug trafficking crime" instead of "during *and in relation to* a drug trafficking crime." On May 13, 2016, the District Court dismissed Webb's petition, concluding that it (the court) lacked jurisdiction under § 2241 because a § 2255 motion was not an inadequate or ineffective means of challenging the validity of his conviction. This timely appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a).[1] In reviewing the MDPA's dismissal of Webb's § 2241 petition, we exercise plenary review over the MDPA's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

---

[1] Webb does not need a COA to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012). Accordingly, his motion for permission to proceed without a COA is denied as unnecessary.

3

We may take summary action if this appeal does not present a substantial question. See 3d Cir. I.O.P. 10.6.

A § 2255 motion is the presumptive means by which a federal prisoner can collaterally attack the validity of his conviction. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). A federal prisoner may challenge the validity of his conviction via a § 2241 petition only if he establishes that a § 2255 motion would be "inadequate or ineffective." See 28 U.S.C. § 2255(e); Cradle, 290 F.3d at 538. The "inadequate or ineffective" exception applies in rare circumstances only, such as when a federal prisoner had "no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application." Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

We agree with the MDPA that this case is not one of the rare instances where § 2255 would be inadequate or ineffective. Webb does not allege that an intervening change in law decriminalized the conduct for which he was convicted. Rather, he challenges the wording in the indictment. Such a challenge, which does not rely on new law or evidence, could have been raised during his criminal proceedings and/or in his § 2255 motion. Although that motion was deemed time-barred, that fact does not render § 2255 inadequate or ineffective. See Cradle, 290 F.3d at 539.

In light of the above, we find no error in the MDPA's May 13, 2016 order dismissing Webb's § 2241 petition. Because this appeal does not present a substantial question, we will summarily affirm that order.

4